NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1090

COMMONWEALTH

vs.

DAMIAN L. DIGGS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After the defendant's motion to suppress fentanyl found during a patfrisk was denied, as were his two motions for reconsideration, the defendant conditionally pleaded guilty in Superior Court to possession of a class A substance with intent to distribute. G. L. c. 94C, § 32 (a). See Mass. R. Crim. P. 12 (b) (6), as appearing in 482 Mass. 1501 (2019). The defendant now appeals, arguing among other things that the patfrisk was unlawful because police lacked reasonable suspicion that he was not merely armed, but also dangerous. We agree. We therefore vacate the order denying the motion to suppress and remand for further proceedings on the Commonwealth's inevitable discovery argument.

Background. We recount the essential facts as found by the motion judge after an evidentiary hearing, supplemented by

uncontroverted evidence that the judge implicitly credited. See Commonwealth v. Jones-Pannell, 472 Mass. 429, 431 (2015). In January 2020, police executed a search warrant on a residence in Brockton, looking for evidence of drug distribution. The defendant was inside the residence but was not the target of the investigation.[1] As the first officer entered through the front door, he saw the defendant emerge from a doorway with a black item in his hand. The officer ordered the defendant to get on the ground; the defendant complied and was handcuffed. After observing that the doorway led to a bathroom, where another individual was located, the officer realized that the item in the defendant's hand was an electric hair clipper. The officer pat frisked the defendant and found twenty-four bags of narcotics on his person. In the ensuing search of the premises, police discovered a satchel containing the defendant's driver's license, as well as cut baggies and a scale, indicative of narcotics distribution. The defendant was arrested and later indicted.

In denying the defendant's motion to suppress, the judge concluded that the patfrisk was justified because the officer could reasonably have believed that the object in the

---

[1] The search warrant, which is not in the record, apparently included a provision authorizing a search of "any person present," but the Commonwealth conceded that the warrant affidavit did not establish probable cause for such a provision.

2

defendant's hand was a weapon, and the fact that it turned out to be a hair clipper did not eliminate the officer's reasonable concern for his own safety. The judge therefore did not address the Commonwealth's alternative argument that, even if the patfrisk was unjustified, the narcotics inevitably would have been discovered once police found the satchel containing the defendant's driver's license and drug distribution paraphernalia, because at that point they would have arrested and searched him.

On the defendant's first motion to reconsider, the judge further concluded that the patfrisk was supported by reasonable suspicion. Specifically, even after the object in the defendant's hand was found to be a hair clipper -- apparently being used to give a haircut -- the officer could still have entertained a reasonable suspicion "that the defendant could [have] be[en] in possession or control of additional tools in performing the haircut that could [have] pose[d] a risk to the officer's safety or the safety of others, such as a pair of scissors or a straight razor." The judge therefore denied the motion to reconsider as well as a renewed motion to reconsider. The conditional guilty plea and this appeal followed.

Discussion. In reviewing a ruling on a motion to suppress, "we adopt the motion judge's factual findings absent clear error," Commonwealth v. Isaiah I., 450 Mass. 818, 821 (2008),

3

and "conduct an independent review of his ultimate findings and conclusions of law," Commonwealth v. Jimenez, 438 Mass. 213, 218 (2002). "During a stop for which there is constitutional justification, see Commonwealth v. Narcisse, 457 Mass. 1, 6-7 (2010), a patfrisk is permissible only where an officer has reasonable suspicion that the suspect is armed and dangerous." Commonwealth v. Torres-Pagan, 484 Mass. 34, 36 (2020).

We assume without deciding that a temporary detention of the defendant during the execution of the search warrant was constitutionally justified. See Commonwealth v. Charros, 443 Mass. 752, 763, cert. denied, 546 U.S. 870 (2005).[2] We further assume without deciding that the officer could reasonably have suspected, based on the defendant's possession of the hair clipper, that he had other haircutting tools on his person, such as scissors or a straight razor, that could have been used as weapons -- i.e., that he was armed. Nevertheless, we are constrained to disagree with the judge's implicit conclusion that the officer also could reasonably have suspected the defendant to be dangerous.[3]

_____

[2] Moreover, if there were "a reasonable belief that an individual has a weapon and appears inclined to use it," then it would be "reasonable to believe that he is about to commit a crime" (quotation and citation omitted). Narcisse, 457 Mass. at 9.

[3] The judge's written decision stated the armed-and-dangerous requirement but did not go on to expressly conclude that the officer here could reasonably have suspected the defendant to be

4

There must be reasonable suspicion that the defendant is "both armed and dangerous." Commonwealth v. Knowles, 451 Mass. 91, 99 (2008). The burden is on the Commonwealth to demonstrate such reasonable suspicion, see Narcisse, 457 Mass. at 5, and the "suspicion must be based on specific, articulable facts and reasonable inferences drawn therefrom" (citation omitted), Commonwealth v. Sweeting-Bailey, 488 Mass. 741, 746 (2021), cert. denied, 143 S. Ct. 135 (2022). Whether such reasonable suspicion exists "is a question of law." Commonwealth v. Ford, 100 Mass. App. Ct. 712, 718 (2022).

Here, the judge did not point to any specific, articulable facts or reasonable inferences therefrom suggesting that the defendant was dangerous. Nor does the Commonwealth do so on appeal. The defendant was not a target of the drug investigation,[4] and the officer testified that the defendant "wasn't on [the officer's] radar" when the officer entered the residence. The defendant immediately complied with the officer's command to get on the floor, and there was no evidence that the defendant was uncooperative or made any threatening or

_____

dangerous. Nevertheless, the conclusion is implicit in the denial of the motion to suppress.

[4] In the patfrisk context, "[a] reasonable apprehension of danger may arise from the type of crime being investigated," but the court has rejected any blanket rule that a drug crime is necessarily "a crime of violence, or one involving the possession or use of a dangerous weapon." Commonwealth v. Cabrera, 76 Mass. App. Ct. 341, 348 (2010).

5

suspicious gestures or statements.  Rather, the officer testified that the defendant "was cooperative to [the officer's] commands," and the officer further agreed that the defendant "did not threaten [him], raise the object to strike [him], or anything like that," and "didn't make any sudden movements." The officer stated that he believed he had the authority to search anyone on the premises under the warrant's "any person present" provision, but the Commonwealth has conceded there was no probable cause to support that provision.  See note 1, supra. It was not until a few minutes after the patfrisk that the officer recognized the defendant as someone he had previously arrested for unlawful possession of a firearm.

We decline to address on this record the Commonwealth's asserted alternative ground for affirmance, the inevitable discovery doctrine.  The judge made no factual findings regarding whether that doctrine applies, and we will not do so on appeal.  On remand, the judge shall resolve that issue, for the purpose of which the judge may in his discretion take further evidence.

Conclusion.  We vacate the order denying the motion to

6

suppress and remand for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Meade,
  Massing & Sacks, JJ.[5]),

_Anne M. Thomas_
Assistant Clerk

Entered: February 8, 2024.

---

[5] The panelists are listed in order of seniority.